IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-47-FL

| | | |
|---|---|---|
| ERIC M. PATTEN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| HCL AMERICA, INC. and PRAKASH | ) | |
| JAYAPAL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss for insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted, made pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). (DE 8). The issues raised are ripe for ruling. For the reasons given below, the court grants defendants' motion.

**BACKGROUND**

Plaintiff, pro se, filed suit against his former employer, defendant HCL America, Inc., and former supervisor, defendant Jayapal, in the Wake County, North Carolina, Superior Court on December 14, 2015, alleging discriminatory termination and unlawful harassment. Plaintiff alleges that defendants scrutinized his work more closely than that of his coworkers, installed software on his workstation computer to monitor him, made derogatory comments directed toward him, and ultimately terminated him, all because of an unspecified disability. Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; and the

Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 et seq.

Defendants removed this case to this court on January 29, 2016, pursuant to 28 U.S.C. §§ 1441 and 1446, invoking the court's subject matter jurisdiction under 28 U.S.C. § 1331. On February 19, 2016, defendants filed the instant motion to dismiss. Defendants argue that the case should be dismissed because, prior to removal, plaintiff failed to serve process on either of them in a manner compliant with North Carolina law. In addition, defendants argue that plaintiff fails to state a claim under Title VII for either harassment or discrimination, where his complaint alleges only disability-based discrimination. Finally, defendants argue that plaintiff's complaint fails to state a claim under the ADA because plaintiff neither offers facts to suggest that he was covered by the ADA nor offers facts connecting his alleged termination or harassment to any disability.

**COURT'S DISCUSSION**

A.      Standards of Review

1.      Rules 12(b)(4) and 12(b)(5)

A motion under Rule 12(b)(4) challenges the sufficiency of process, while a motion under Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(4), (b)(5). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process properly has been served. Dalenko v.

Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).

2.      Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Where a motion to dismiss challenges only plaintiff's failure to allege sufficient facts, any order dismissing the complaint necessarily is without prejudice, unless the court also concludes that an amendment would be frivolous. See Goode v. Cent. Va. Legal Aid Soc., Inc., 807 F.3d 619, 623–24 (4th Cir. 2015).

3

B.       Analysis

        1.       Insufficient Process and Insufficient Service of Process

Defendants first move to dismiss plaintiff's complaint on the ground that he has failed to serve them properly with process. Defendants' motion is denied as untimely. Defendants removed this case on January 29, 2016. Because service had not been perfected at the time of removal, plaintiff was provided an additional 90 days in which to serve process on defendants. Fed. R. Civ. P. 4(m) & 81(c)(1); see also 28 U.S.C. § 1448. That 90-day service window began on the date of removal and has not yet closed. See Fed. R. Civ. P. 81(c)(1); e.g., Rice v. Alpha Sec., Inc., 556 F. App'x 257, 260 (4th Cir. 2014); Motsinger v. Flynt, 119 F.R.D. 373, 376–77 (M.D.N.C. 1988).

        2.       Title VII

Defendants move to dismiss plaintiff's Title VII claim for failure to state a claim upon which relief can be granted. Defendants argue that plaintiff's complaint does not allege discrimination based on race or any other category protected by Title VII. Defendants' motion is granted. Title VII protects employees from "discharge" or changes in the "terms, conditions, or privileges of employment" on the basis of their "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff alleges discrimination only on the basis of disability. Because he does not allege discrimination based on race or any other category protected by Title VII, his claim fails.[1]

        3.       ADA

Defendants next move to dismiss plaintiff's ADA claim for failure to state a claim upon which relief can be granted. At a minimum, plaintiff must allege sufficient facts to support the inference that he is a "qualified individual with a disability," and also must allege sufficient facts

---

[1] Insofar as plaintiff suggests that defendant Jayapal is liable under Title VII as his supervisor, that claim is foreclosed upon by circuit precedent. Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998).

4

to connect his termination or harassment to his disability.  Haulbrook v. Michelin N. Am., Inc., 252

F.3d 696, 702 (4th Cir. 2001) (outlining elements of ADA discrimination claim); Fox v. Gen. Motors

Corp., 247 F.3d 169, 177 (4th Cir. 2001) (outlining elements of ADA hostile work environment

claim).  Although plaintiff's complaint need not address every element of the prima facie case, see

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002), plaintiff retains the burden to allege facts,

rather than mere "labels and conclusions."  Twombly, 550 U.S. at 545.

Plaintiff's complaint lacks sufficient specificity to survive defendants' motion to dismiss.

Although plaintiff alleges that he is disabled, he fails to allege any facts supporting that conclusion.

Most significantly, plaintiff never alleges specifically any impairment.  In addition, although

plaintiff alleges that he suffered closer scrutiny than his coworkers and was the subject of derogatory

remarks, he has failed to connect those actions to his alleged, but non-specific, disability.  Without

a minimal degree of factual adornment, plaintiff's allegations do not "nudge [his] claim across the

line from conceivable to plausible," and his ADA claim must be dismissed.  Nemet Chevrolet, 591

F.3d at 256 (internal quotations omitted).[2]

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motion to dismiss, made pursuant

to Federal Rule of Civil Procedure 12(b)(6), (DE 8), and DISMISSES plaintiff's complaint.  The

clerk is DIRECTED to close this case.

---

[2] Insofar as plaintiff asserts his ADA claim against defendant Jayapal in his capacity as plaintiff's supervisor, that claim is not cognizable.  See Lissau, 159 F.3d at 180; see also Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010). Compare 42 U.S.C. § 2000e(b) (defining "employer" for purposes of Title VII), with 42 U.S.C. § 12111(5)(A) (using substantially similar definition of "employer" under ADA).

SO ORDERED, this the 31st day of March, 2016.


_____

LOUISE W. FLANAGAN
United States District Judge


6